UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-P188-H

**FREDERICK D. JONES**                                                                          **PLAINTIFF**

**v.**

**BECKY PANCAKE** *et al*.                                                                      **DEFENDANT**

### MEMORANDUM AND ORDER

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 (DN 1), and the Court reviewed the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). After reviewing the complaint and its attachments, by Order entered December 15, 2006, the Court dismissed a number of Plaintiff's claims because Plaintiff did not plead and prove that he had exhausted his administrative remedies prior to filing suit. Plaintiff filed a motion to reconsider on December 23, 2006, arguing that the Court should not have dismissed his claims and offered the Court documents that Plaintiff asserts prove that he exhausted his administrative remedies prior to filing suit (DN 38). Plaintiff's motion to reconsider is now before the Court.

The Supreme Court issued a unanimous opinion on January 22, 2007, *Jones v. Bock*, --U.S.--, 2007 U.S. LEXIS 1325, 2007 WL 135890 (Jan. 22, 2007), in which the Court held that the Sixth Circuit's (and a minority of other courts') practice of imposing heightened pleading standards on prisoner 42 U.S.C. § 1983 cases was not required by the Prison Litigation Reform Act ("PLRA"), and therefore, exceeded the proper limits of the judicial role. The Court concluded that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* Thus, as an affirmative defense, exhaustion must normally be pled and proven by the defendant. Accordingly, the Court held that it was error for district courts to dismiss complaints at the initial screening stage on the basis that the prisoner did not plead and prove exhaustion. To be clear, the Supreme Court did **not** hold that prisoners do not have to

exhaust. The Court was clear that under the PLRA prisoners must properly exhaust their claims prior to filing suit. However, prisoners are not required to plead exhaustion in their complaints.

Under *Jones*, the Court concludes that it should not have dismissed Plaintiff's complaint on initial review for failure to plead and prove exhaustion of his claims. Accordingly, the Court **GRANTS** Plaintiff's motion (DN 38) to the extent that it relates to those claims that the Court dismissed solely on the basis that Plaintiff did not plead and prove exhaustion in his complaint: 1) Plaintiff's Eighth Amendment claims related to his bottom-bunk profile, pain medication, and medical treatment after his fall; and 2) his retaliation claims related to his March 3, 2006, placement in segregation. **The Clerk is directed to re-open this action to the extent it relates to these claims.**[1] Plaintiff is cautioned that this Order does **not** mean that the Court has determined that Plaintiff properly exhausted the surviving claims. Rather, the Court is granting Plaintiff's motion because the Court has concluded that based on the Supreme Court's opinion in *Jones* that it was improper to dismiss the complaint at the initial screening stage on the ground that Plaintiff did not prove and plead exhaustion in his initial complaint.

Plaintiff has also filed two additional motions that relate to his motion to reconsider--a motion for extension of time to file a supplemental brief in support of his motion to reconsider (DN 39) and a motion to hold the time for him to file a notice of appeal in abeyance pending the Court's decision on his motion to reconsider (DN 41). Both motions (DNs 39 & 41) are **mooted** by the Court's decision to grant Plaintiff's motion to reconsider, and therefore, they are **DENIED.**

---

[1] The Court's prior Order of dismissal shall remain in effect in regards to Plaintiff's other claims, because the Court concluded that those claims also failed to state a claim on other grounds.

The Court also notes that throughout the course of this litigation, Plaintiff has filed various supplements and amendments, in which he attempts to assert additional claims against Defendants (DNs 11, 17, 40). As far as the Court can tell, those claims are racial discrimination in cell placement, improper handling of prisoner legal mail, and failure to properly treat Plaintiff's depression. The Court cannot tell based on Plaintiff's filings which proposed amendments Plaintiff presently wishes to pursue, if any, and which Defendants the proposed amendments are being asserted against (or even whether they attempt to add additional defendants). Therefore, the Court **DENIES** the pending requests for leave to amend (DNs 11, 17, 40). The Court, however, **will provide Plaintiff with 30 days from the date of this Order to file an amended complaint which asserts all claims which Plaintiff wishes to add to his initial complaint. The Clerk is directed to affix this case number to a blank copy of the <u>January 2007 revised instructions and form</u> for filing a prisoner § 1983 action and provide them to Plaintiff. Plaintiff is directed to use this form to file any proposed amendments.**

In the event that Plaintiff files an amended claim(s), the Court will review those claims and enter an appropriate scheduling order to govern the development of all surviving claims. **If Plaintiff elects not to file an amended complaint, he shall so advise the Court in writing within 30 days from the date of this Order** at which time the Court will enter a scheduling order to govern the further development of the claims that are being reinstated by this Order.

**Plaintiff is warned that failure to comply with this Order will result in dismissal of this action for failure to prosecute.**

Date:

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel

4412.008