**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:06CV-P188-H**

**FREDERICK D. JONES**                                                               **PLAINTIFF**

v.

**BECKY PANCAKE** *et al*.                                                       **DEFENDANT**

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's motion to amend his complaint (DN 44) and motion for appointment of counsel (DN 49). For the reasons explained below, the Court will partially grant Plaintiff's motion to amend, will deny his motion for appointment of counsel, and will enter a separate Scheduling Order to govern the development of the remaining claims.

**I. Procedural History**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 (DN 1), and the Court reviewed the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). After reviewing the complaint and its attachments, by Order entered December 15, 2006, the Court dismissed a number of Plaintiff's claims because Plaintiff did not plead and prove that he had exhausted his administrative remedies prior to filing suit. Plaintiff filed a motion to reconsider on December 23, 2006, arguing that the Court should not have dismissed his claims and offered the Court documents that Plaintiff asserts prove that he exhausted his administrative remedies prior to filing suit (DN 38).

The Supreme Court issued a unanimous opinion on January 22, 2007, *Jones v. Bock,* -- U.S.--, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), in which the Court held that the Sixth Circuit's (and a minority of other courts') practice of imposing heightened pleading standards on prisoner 42 U.S.C. § 1983 cases was not required by the Prison Litigation Reform Act ("PLRA"), and therefore, exceeded the proper limits of the judicial role. The Court concluded that "failure to

exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* Thus, as an affirmative defense, exhaustion must normally be pled and proven by the defendant. Accordingly, the Court held that it was error for district courts to dismiss complaints at the initial screening stage on the basis that the prisoner did not plead and prove exhaustion. Based on *Jones*, the Court concluded that it should not have dismissed Plaintiff's complaint on initial review for failure to plead and prove exhaustion of his claims. Accordingly, the Court granted the Plaintiff's motion to reconsider to the extent that it related to those claims that the Court dismissed solely on the basis that Plaintiff did not plead and prove exhaustion in his complaint: 1) Plaintiff's individual capacity Eighth Amendment claims related to his bottom-bunk profile, pain medication, and medical treatment after his fall; and 2) his individual capacity retaliation claims related to his March 3, 2006, placement in segregation. The Court then directed the Clerk to re-open this action to the extent it relates to those claims.[1]

In the same order, the Court also noted that throughout the course of this litigation, Plaintiff had filed various supplements and amendments, in which he attempted to assert additional claims against Defendants (DNs 11, 17, 40). Because the Court could not tell which proposed amendments, if any, Plaintiff wished to pursue, and which Defendants the proposed amendments were being asserted against (or even whether they attempted to add additional defendants), the Court directed Plaintiff to file an amended complaint which asserted all claims which Plaintiff wished to add to his initial complaint. Plaintiff has now done so and has also filed a motion seeking appointment of counsel. The Court construes Plaintiff's amended complaint as a motion seeking

---

[1]The Court's prior Order of dismissal remains in effect in regards to Plaintiff's other claims, because the Court concluded that those claims also failed to state a claim on other grounds.

leave to amend his complaint. The Court will address each below.

## II. Plaintiff's Motion to Amend

Plaintiff seeks leave to amend his complaint to include claims against John Motley, Warden of the Eastern Kentucky Correctional Complex, and John Rees, Commissioner of the Kentucky Department of Corrections, in both their official and individual capacities. He claims that "by orders of Warden Motley with the approval of Commissioner John Rees, prisoners are being placed in cells due to their race and their ages." Plaintiff claims this conduct violates his constitutional rights. Plaintiff also claims that he placed an envelope with legal material in the prison mail box. Instead of mailing the envelope, Plaintiff claims that someone in the mail room opened the letter, read it, and returned it to Plaintiff. Plaintiff believes that he received an unsatisfactory response from Warden Motley when he grieved the matter. According to Plaintiff, he "only asked for an apology but was treated as if he didn't matter and that they could do whatever they wanted to." Plaintiff's proposed amendment seeks compensatory and punitive damages and an injunction "stopping them from further discrimination and opening legal mail."

The Court should freely grant leave to file an amended complaint before a responsive pleading has been filed. Fed. R. Civ. P. 15(a). However, such leave should be denied where the amendment would be futile, such as where the material or claims to be added remain subject to dismissal for failure to state a claim. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003).

### A. Official Capacity Money Damages Claims

Plaintiff's official capacity claims for money damages are futile on two bases. First, Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution.

3

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, Plaintiff will not be granted leave to amend his complaint to add official capacity claims for money damages against either proposed Defendant.

**B.     Racial Discrimination in Cell Placement**

Plaintiff is no longer housed at the Eastern Kentucky Correctional Complex. A case becomes moot when events occur which resolve the controversy underlying it. *Burke v. Barnes*, 479 U.S. 361, 363 (1987). Generally, an inmate's transfer to another prison moots his request for injunctive relief. *Lyons v. Azam*, 58 Fed. Appx. 85, 87 (6th Cir. 2003) ("[A] prisoner's claims for injunctive relief become moot when the prisoner is no longer confined at the prison where the claim allegedly arose.") (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). This is especially true in this case because Plaintiff explicitly states in his proposed amendment that "blacks and whites live together in two man cells in other prisons in Kentucky." Thus, Plaintiff is apparently no longer subject to racially discriminatory placement practices, and his proposed injunctive relief claims against both Motley and Rees are moot.

This leaves only Plaintiff's individual claims for damages based on racial discrimination. However, under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody

without a prior showing of physical injury." *See* 42 U.S.C. § 1997e(e); *Smith v. Bd. of County Comm'rs*, 216 F. Supp. 2d 1209, 1223 (D. Kan. 2002). While some courts have excluded constitutional claims from § 1997e(e), the Sixth Circuit has noted, without deciding, that "the majority of courts hold § 1997e(e) applies to all federal prisoner lawsuits." *Taylor v. United States*, 161 Fed. Appx. 483, 486-87 (6th Cir. 2005) (collecting cases).

Still, there is a question whether Plaintiff is entitled to seek nominative and punitive damages, notwithstanding his lack of physical injury. While the Sixth Circuit has apparently not addressed the issue, several courts have held that § 1997e(e) does not bar claims for nominal and punitive damages. *See Allah v. Al-Hafeez*, 226 F.3d 247, 252-53 (3d Cir. 2000); *Royal v. Kautzky*, 375 F.3d 720, 722-23 (8th Cir. 2004); *Searles v. Van Bebber*, 251 F.3d 869, 879, 880-81 (10th Cir. 2001). Given the unsettled nature of the law in this area, the Court does not find that it would be prudent to dismiss Plaintiff's Fourteenth Amendment equal protection claim with regard to nominal and punitive damages at the initial screening stage.

Thus, the Court concludes that Plaintiff's proposed amendment regarding racial discrimination is futile with respect to his injunctive and compensatory damages claims. However, the Court will grant Plaintiff leave to amend his complaint to add this claim with respect to nominal and punitive damages.

**C.     Prison Mail**

Plaintiff does not allege that Warden Motley acted pursuant to an unconstitutional policy or custom in opening his mail or was even personally involved in the incident. Rather, Plaintiff is dissatisfied by Warden Motley's response to his grievance about the incident. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 Fed. Appx. 441, 445 (6th Cir. 2005). By the same token, a

plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. Plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See, e.g.*, *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (reversing denial of summary judgment to prison officials whose only involvement was the denial of administrative remedies); *Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). As such, this claim would be futile, and Plaintiff will be denied leave to amend his complaint to add it.

### III. Motion for Appointment of Counsel

Prisoners do not possess a constitutional right to the appointment of counsel in a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Rather, appointment of counsel lies exclusively within the court's discretion. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Furthermore, appointment of counsel is justified only in exceptional circumstances. *Lavado*, 992 F.2d at 606. To determine whether exceptional circumstances exist, the Court must consider the complexity of the issues involved and the ability of the plaintiff to represent himself. *Id.* The Court finds that the complexity of the legal issues in this case does not necessitate the appointment of counsel at this time. Further, based on the pleadings filed thus far, it appears that Plaintiff is able to access the courts and to represent himself. Plaintiff's pleadings are coherent and legible, reflecting his ability to express himself to the Court. Thus, the Court concludes that Plaintiff has not set forth any exceptional circumstances warranting appointment of counsel at this time. As such, the Court will deny his request for counsel.

The Court will enter Orders consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
   Defendants
   General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel

4412.008