UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-P188-H

FREDERICK D. JONES                                                                PLAINTIFF

v.

BECKY PANCAKE *et al.*                                                         DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant Motley and Rees' motion to dismiss for improper venue (DN 54).  Defendants Motley and Rees argue that Plaintiff's claims against them (as set forth in Plaintiff's amended complaint) should be dismissed because they are both located in the Eastern District of Kentucky making venue in this Court improper with respect to Plaintiff's claims against them.  Defendants also argue that Plaintiff's allegations of racial discrimination at the Eastern Kentucky Correctional Complex ("EKCC") as set forth in his amended complaint have nothing to do with Plaintiff's surviving claims against the other Defendants (Plaintiff's individual capacity Eighth Amendment claims related to his bottom-bunk profile, pain medication, and medical treatment after a fall; and his individual capacity retaliation claims related to his March 3, 2006, placement in segregation as set forth in Plaintiff's original complaint).  Plaintiff in turn has moved the Court to consolidate his original complaint with his amended complaint and retain jurisdiction over the entire proceeding (DN 56).  For the reasons explained below, the Court construes Defendants' motion to dismiss for improper venue as a motion for improper joinder pursuant to Fed. R. Civ. P. 20, which the Court grants.  Pursuant to

Fed. R. Civ. P. 21, the Court will sever Plaintiff's claims against Defendants Motley and Rees

and order them transferred to the Eastern District of Kentucky, where venue over the claims is

more appropriate.  In light of its decision to sever these claims, the Court will deny Plaintiff's

motion to consolidate.

### I.  Procedural History

In order to place the current motions in the proper context, it is necessary to briefly

recount the long and tortured procedural history of this action.  Plaintiff filed this civil rights

action under 42 U.S.C. § 1983 (DN 1), and the Court reviewed the complaint pursuant to 28

U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).  After reviewing

the complaint and its attachments, by Order entered December 15, 2006, the Court dismissed a

number of Plaintiff's claims because they failed to state a claim, a number of others because he

did not plead and prove that he had exhausted his administrative remedies prior to filing suit, and

then dismissed the entire suit under the complete exhaustion rule followed by the Sixth Circuit at

the time (DNs 36, 37).  Plaintiff filed a motion to reconsider on December 23, 2006, arguing that

the Court should not have dismissed his claims and offered the Court documents that Plaintiff

asserted proved that he exhausted his administrative remedies prior to filing suit (DN 38).

The Supreme Court issued a unanimous opinion on January 22, 2007, *Jones v. Bock,* --

U.S.--, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), in which the Court held that the Sixth Circuit's

(and a minority of other courts') practice of imposing heightened pleading standards on prisoner

42 U.S.C. § 1983 cases was not required by the Prison Litigation Reform Act ("PLRA"), and

therefore, exceeded the proper limits of the judicial role.  The Court concluded that "failure to

exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially

plead or demonstrate exhaustion in their complaints."  *Id.*  Thus, as an affirmative defense,

exhaustion must normally be pled and proven by the defendant.  Accordingly, the Court held that

it was error for district courts to dismiss complaints at the initial screening stage on the basis that

the prisoner did not plead and prove exhaustion.

Based on *Jones*, this Court concluded that it should not have dismissed Plaintiff's

complaint on initial review for failure to plead and prove exhaustion of his claims.  Accordingly,

the Court granted the Plaintiff's motion to reconsider to the extent that it related to those claims

that the Court dismissed solely on the basis that Plaintiff did not plead and prove exhaustion in

his complaint:  1) Plaintiff's individual capacity Eighth Amendment claims related to his bottom-

bunk profile, pain medication, and medical treatment after his fall; and 2) his individual capacity

retaliation claims related to his March 3, 2006, placement in segregation.[1]  The Court then

directed the Clerk to re-open this action to the extent it related to those claims.  In the same

order, the Court also noted that throughout the course of this litigation, Plaintiff had filed various

supplements and amendments, in which he attempted to assert additional claims against

Defendants (DNs 11, 17, 40).  Because the Court could not tell which proposed amendments, if

any, Plaintiff wished to pursue, and which Defendants the proposed amendments were being

---

[1]The Court did not reopen Plaintiff's 42 U.S.C. § 1983 official capacity money damages claims, deprivation of property claims, retaliation claims related to his transfer to EKCC, or his cruel and unusual punishment claims related to his March 2006 stay in segregation against Defendants (DN 43).

asserted against (or even whether they attempted to add additional defendants), the Court

directed Plaintiff to file an amended complaint which asserted all claims which Plaintiff wished

to add to his initial complaint.

In compliance with the Court's order, Plaintiff filed an amended complaint against

against John Motley, Warden of EKCC, and John Rees, Commissioner of the Kentucky

Department of Corrections, in both their official and individual capacities (DNs 44, 45).[2]  After

reviewing the amended complaint, and keeping in mind its duty to "freely grant leave to file an

amended complaint before a responsive pleading has been filed" under Fed. R. Civ. P. 15(a), the

Court granted Plaintiff leave to amend his complaint to add a Fourteenth Amendment equal

protection claim against Defendants Motley and Rees for nominal and punitive damages based

on Plaintiff's allegations that Defendants racially discriminated in assigning inmates to cells at

EKCC (DNs 51,52).[3]  Defendants Motley and Rees have now moved to dismiss Plaintiff's

claims against them.

## II.  Analysis

Citing 28 U.S.C. § 1391, Defendants argue that "jurisdiction and venue" here are

improper.  Defendants' reliance on § 1391 is misplaced.  Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship
> may, except as otherwise provided by law, be brought only in *(1) a judicial district
> where any defendant resides, if all defendants reside in the same State*, (2) a
> judicial district in which a substantial part of the events or omissions giving rise to
> the claim occurred, or a substantial part of property that is the subject of the action
> is situated, or (3) a judicial district in which any defendant may be found, if there is

---

[2]Defendants Motley and Rees were named in Plaintiff's original complaint, but none of the re-opened claims pertained to their conduct.

[3]The Court denied Plaintiff permission to amend his complaint to add various other claims asserted in the amended complaint, concluding that it would be futile to do so because the various other claims failed to state a claim upon which relief may be granted.

no district in which the action may otherwise be brought.

All Defendants presumably reside in the Commonwealth of Kentucky, and Defendants Pancake, Brindley, and Hiland, who are employed at the Western Kentucky Correctional Complex, presumably reside in the Western District of Kentucky making venue proper in this Court as to the entire action irrespective of the fact that Defendants Motley and Rees reside in the Eastern District of Kentucky.  Thus, the issue in not one of improper venue as Defendants argue in their motion.

In their reply brief, however, Defendants recast their argument in terms of improper joinder.  According to Defendants, Plaintiff's allegations against them "have nothing whatsoever to do with" Plaintiff's other surviving claims against Defendants Pancake, Brindley and Hiland. Thus, Defendants Rees and Motley are essentially arguing that they have been improperly joined by Plaintiff.  Federal Rule of Civil Procedure 20 states in relevant part,

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

After throughly reviewing Plaintiff's complaint and amended complaint, the Court concludes that Plaintiff's claims against Defendants Motley and Rees as alleged in his amended complaint do not arise out of the same transaction or occurrence as his surviving claims against Defendants Pancake, Brindley and Hiland.  To establish racial discrimination at EKCC, Plaintiff will have to establish vastly different facts than needed to prevail on his Eighth Amendment claims against the other Defendants.

Having concluded that Defendants Motley and Rees have been improperly joined, the

5

Court must decide on an appropriate remedy.  Federal Rule of Civil Procedure 21 provides:

> Misjoinder of parties is not ground for dismissal of an action.  Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.  Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P.  21.  It is clear that dismissal of the entire action on the basis on misjoinder would be improper.  Otherwise, however, "the manner in which a trial court handles misjoinder lies within that court's sound discretion."  *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).  "Rule 21 gives the court discretion to make three types of orders.  The court may add parties, drop (dismiss) parties, and may sever '[a]ny claim against a party.'"  4-21 *Moore's Federal Practice - Civil* § 21.02 (internal quotation omitted).  "Severance under Rule 21 results in separate actions."  *Id.* at § 21.06.  "As with any case in federal court, [the severed action] may be transferred under appropriate circumstances. . . . Indeed, the fact that a claim might be subject to transfer to a more appropriate venue is a valid reason to order severance."  *Id.*    After carefully considering the issues and weighing its options under Rule 21, the Court concludes that the most economical and just manner in which to proceed is to sever Plaintiff's claims against Defendants Motley and Rees and then transfer them to the Eastern District of Kentucky, where venue over the claims is most appropriate.  *See* 28 U.S.C. § 1404(a).

### III.  Order

Accordingly, for the reasons set forth above, **IT IS ORDERED AS FOLLOWS**:

1)    Defendant Motley and Rees' motion to dismiss for improper venue (DN 54) is **CONSTRUED** as a motion for improper joinder under Fed. R. Civ. P. 20 and is **GRANTED**. Plaintiff's amended complaint (DNs 44, 45) is **ORDERED SEVERED** from this action. Pursuant to Fed. R. Civ. P. 21, the Clerk of Court is **DIRECTED** to open the amended complaint

(DNs 44, 45) as a new civil action.  The Court's August 20, 2007 Memorandum Opinion and corresponding Order (DNs 51 & 52) as well as this Order shall be docketed in the new action. The Clerk of the Court is **FURTHER DIRECTED** to **TRANSFER** the newly opened action to the **United States District Court for the Eastern District of Kentucky, Northern Division.**

       2)      Plaintiff's motion to consolidate (DN 56) is **DENIED.**

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record

4412.008