**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:06CV-P188-H**

**FREDERICK D. JONES**                                                                                    **PLAINTIFF**

**v.**

**BECKY PANCAKE** *et al*.                                                                             **DEFENDANTS**

**OPINION AND ORDER**

This matter is before the Court on several motions by Plaintiff: 1) motion to appoint counsel (DN 99); 2) motion for partial summary judgment (DN 105); 3) motion for judgment on the pleadings (DN 115); 4) motion for temporary restraining order (DN 116); 5) motion for preliminary injunction (DN 118); 6) motion for declaratory judgment (DN 119); 7) motion for trial (DN 121); and 8) motion for examination by an outside doctor (DN 122). Each is addressed below.

1)       **Motion for appointment of counsel**. This is Plaintiff's second motion for appointment of counsel. The Court denied Plaintiff's first motion for appointment of counsel by Order entered August 20, 2007, after determining that Plaintiff had not set forth any exceptional circumstances warranting appointment of counsel at that time. No significant changes have occurred that would alter the Court's prior conclusion. Accordingly, Plaintiff's motion for appointment of counsel (DN 99) is **DENIED**.

2)       **Motions for partial summary judgment and judgment on the pleadings**. Plaintiff has moved for partial summary judgment and judgment on the pleadings with regard to the portion of his Eighth Amendment claim regarding his pain medication. By separate Order, the Court has granted all remaining Defendants summary judgment on each portion of Plaintiff's Eighth Amendment claim. Accordingly, Plaintiff's motions (DNs 105 and 115) are **DENIED**.

3) **Motions for temporary restraining order and preliminary injunction.**

Plaintiff claims that in June 2008 he was charged a co-pay for an emergency medical visit in violation of institutional policies. Additionally, Plaintiff claims that immediately thereafter, he was transferred to Eastern Kentucky Correctional Complex in retaliation for this lawsuit. Plaintiff requests an injunction prohibiting the prison from retaliating against him and from charging him co-pays and requiring that he be given the type of medical care that he believes he is entitled to receive.

The decision of whether or not to issue a temporary restraining order or preliminary injunction lies within the discretion of the district court. *See CSX Transp., Inc. v. Tennessee State Bd. of Equalization*, 964 F.2d 548, 552 (6th Cir. 1992). "'In determining whether to issue a preliminary injunction, the district court is required to consider four factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer an irreparable injury if the court does not grant a preliminary injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest.'" *Abney v. Amgen, Inc.*, 443 F.3d 540, 547 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County*, 274 F.3d 377, 400 (6th Cir. 2001)).

The Court has determined that Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim relating to the care he received for his injuries. This moots Plaintiff's requests for injunctive relief related to this claim. This leaves Plaintiff's claims related to payment of the "illegal" co-pay and his transfer.

First, Plaintiff is not likely to prevail on either claim. Charging co-pays neither violates

the Constitution, *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004), nor under the circumstances alleged would it likely deter a prisoner from exercising his constitutional rights, *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).[1] Likewise, under these facts transferring Plaintiff from one facility to another is not considered retaliatory conduct. *Siggers-El v. Barlow*, 412 F.3d 693, 704 (6th Cir. 2005). Second, Plaintiff has not alleged any irreparable injury. Third and fourth, it is generally in the best interests of all if courts refrain from becoming involved in day-to-day prison operations. For these reasons, Plaintiff's requests for temporary injunctive relief (DNs 116 and 118) are **DENIED.**

   4)  **Motion for declaratory judgment**. Plaintiff filed a handwritten, one-page "motion for declaratory judgment." In the motion, in summary fashion, Plaintiff states that Defendants are still violating his constitutional rights by refusing him proper medical care, retaliating against him, inappropriately charging him medical co-pays, and not properly collecting the filing fee in this case. This action was not originally brought as a declaratory judgment action. Plaintiff filed it as a regular civil action seeking money damages. "Courts deny declaratory relief if an alternative remedy is better or more effective." *Grand T. W. R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Declaratory judgment is not necessary to resolve the remaining issues in dispute. Accordingly, Plaintiff's motion (DN 119)

---

[1] A prisoner alleging retaliation for the exercise of a constitutional right must show that

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two--that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d at 394.

is **DENIED.**

      5)    **Motion for trial date.**  Plaintiff requests the Court to set a trial date in this case. A trial is premature at this juncture.  Accordingly, Plaintiff's motion (DN 121) is **DENIED**.

      6)    **Motion for examination by outside doctor**.  Plaintiff is requesting the Court to order him to be seen by a doctor outside of the prison.  This request relates to Plaintiff's Eighth Amendment claim.  Defendants have been granted summary judgment on that claim.  Accordingly, Plaintiff's motion (DN 122) is **DENIED as moot**.

Date:

cc:    Plaintiff, pro se
        Counsel of record

4412.008