**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-P188-H**

**FREDERICK D. JONES**                                                                                          **PLAINTIFF**

**v.**

**BECKY PANCAKE** *et al.*                                                                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Defendants Becky Pancake, Paul Brindley, Jamie Stovall and Steve Hiland's partial motion for summary judgment. Defendants are seeking summary judgment on Plaintiff's individual capacity, Eighth Amendment claim related to his bottom-bunk profile and medical treatment after a fall.[1] For the reasons that follow, the Court will grant Defendants summary judgment on this claim.

**I.**

    Plaintiff is a convicted felon serving a seventeen-year sentence in the custody of the Kentucky Department of Corrections for convictions of robbery and rape. Plaintiff has been housed at several different institutions during his incarceration. In December 2005, Plaintiff was transferred from another state institution to the Western Kentucky Correctional Complex. Plaintiff states that while at the previous institution he was prescribed a lower bunk by the medical department because of a prior knee injury. After arriving at Western Kentucky Correctional Complex, Plaintiff informed Defendant Stovall that he needed a bottom bunk for

---

[1] Defendants did not address Plaintiff's First Amendment retaliation claim against Defendants Stovall and Brindley in their summary judgment motion. On March 3, 2006, Plaintiff claims that Defendant Stovall had Plaintiff placed in segregation with the help of Defendant Brindley. Plaintiff alleges that his placement in segregation was a form of retaliation for a state civil suit he filed against them. The Court will enter a separate order for a status report on Plaintiff's First Amendment claim.

medical reasons. Defendant Stovall told Plaintiff that he would have to sleep on the top bunk until Plaintiff saw the doctor at Western Kentucky Correctional Complex.

On December 16, 2005, Plaintiff saw Dr. Hiland. Dr. Hiland examined Plaintiff and concluded that based on institutional guidelines it was not medically necessary for Plaintiff to have a bottom bunk. Plaintiff then wrote to Defendant Warden Becky Pancake explaining his situation and requesting that he be given a bottom bunk for medical reasons. Defendant Pancake referred the letter to Dr. Hiland who again examined Plaintiff and again denied his request for a bottom bunk. In mid-January 2006, Plaintiff fell while getting out of his top bunk and injured his back. After the fall, Plaintiff was treated by examination, x-ray, and pain medication that was later discontinued. Plaintiff believes that his pain medication should not have been stopped and that he should have been given more extensive treatment for his injuries.

On or about April 7, 2006, Plaintiff filed this civil rights action under 42 U.S.C. § 1983 (DN 1), and the Court reviewed the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). After reviewing the complaint and its attachments, by Order entered December 15, 2006, the Court dismissed a number of Plaintiff's claims because they failed to state a claim, a number of others because he did not plead and prove that he had exhausted his administrative remedies prior to filing suit, and then dismissed the entire suit under the complete exhaustion rule followed by the Sixth Circuit at the time (DNs 36, 37). Plaintiff filed a motion to reconsider on December 23, 2006, arguing that the Court should not have dismissed his claims and offered the Court documents that Plaintiff asserted proved that he exhausted his administrative remedies prior to filing suit (DN 38).

The Supreme Court issued a unanimous opinion on January 22, 2007, *Jones v. Bock,*549 U.S.199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), in which the Court held that the Sixth

Circuit's (and a minority of other courts') practice of imposing heightened pleading standards on prisoner 42 U.S.C. § 1983 cases was not required by the Prison Litigation Reform Act ("PLRA"), and therefore, exceeded the proper limits of the judicial role. The Court concluded that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* The Court explained that as a result that it was error for district courts to dismiss complaints at the initial screening stage on the basis that the prisoner did not plead and prove exhaustion.

Based on *Jones*, this Court concluded that it should not have dismissed Plaintiff's complaint on initial review for failure to plead and prove exhaustion of his claims. Accordingly, the Court granted Plaintiff's motion to reconsider to the extent that it related to those claims that the Court dismissed solely on the basis that Plaintiff did not plead and prove exhaustion in his complaint: 1) Plaintiff's individual capacity, Eighth Amendment claims related to his bottom-bunk profile, pain medication, and medical treatment after his fall; and 2) his individual capacity retaliation claims related to his March 3, 2006, placement in segregation.[2] Defendants have moved for summary judgment on only Plaintiff's Eighth Amendment claim.

## II.

Summary judgment is appropriate where there exists no genuine issues of material facts and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute exists where, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty*

---

[2]The Court did not reopen Plaintiff's 42 U.S.C. § 1983 official capacity money damages claims, deprivation of property claims, retaliation claims related to his transfer to EKCC, or his cruel and unusual punishment claims related to his March 2006 stay in segregation against Defendants (DN 43).

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). Since the parties do not dispute the facts, summary judgment is appropriate.

### III.

Deliberate indifference to the medical needs of prisoners constitutes "unnecessary and wanton infliction of pain" in violation of the Eighth Amendment, and thus gives rise to a 42 U.S.C. § 1983 claim. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). "An Eighth Amendment claim of denial of medical care has both objective and subjective components, the objective component requiring proof of a 'sufficiently serious' medical need, and the subjective component requiring proof of 'a sufficiently culpable state of mind in denying medical care.'" *Dodson v. Wilkinson*, No. 06-4136, 2008 U.S. App. LEXIS 26369 (6th Cir. Ohio Dec. 24, 2008). An Eighth Amendment claim may be premised on deliberate indifference to exposing an inmate to an unreasonable risk of serious harm in the future. *Helling v. McKinney*, 509 U.S. 25, 36, (1993). A claim of deliberate indifference to future serious harm requires proof of both the objective and subjective elements of an Eighth Amendment claim. *Id.* at 35. Negligence in the diagnosis or treatment of a medical condition does not amount to deliberate indifference. *See Durham v. Nu'man*, 97 F.3d 862, 868 (6th Cir. 1996).

Plaintiff does not allege that Defendant Brindley was involved in the decision to deny Plaintiff a bottom bunk or his medical care after his fall. Plaintiff's allegations against Defendant Brindley concern Plaintiff's subsequent placement in segregation. As such, Plaintiff has failed to state an Eighth Amendment claim against Defendant Brindley. *See Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994)

As for Defendant Pancake, Plaintiff alleges only that he made her aware of his plight. This is insufficient to maintain a claim against Defendant Pancake. "To state a claim under

4

§ 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Respondeat superior[3] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). Thus, Defendant Pancake's position as Warden does not automatically make her liable for the actions/inactions of her subordinates. *See, e.g.*, *Brown v. Green*, No. 97-1117, 1997 U.S. App. LEXIS 35331 (6th Cir. Dec. 12, 1997) ("Defendant Green, being sued in her official capacity as the Medical Director of the Michigan Department of Corrections, cannot be held liable for an alleged constitutional violation, because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Farrow v. West*, 320 F.3d 1235, 1238 n.1 (11th Cir. 2003) (holding that the regional director of prison medical services was not liable

---

[3]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

for actions of subordinate medical staff). Because Plaintiff's allegations against Defendant Pancake relate only to her role as Warden, she is entitled to summary judgment. *See Shehee*, 199 F.3d at 300.

The Court next turns to Defendant Stovall. Defendant Stovall is a corrections officer. He is the first individual at Western Kentucky Correction Complex that Plaintiff spoke to about a bottom bunk. Defendant Stovall told Plaintiff that he could not provide Plaintiff with a bottom bunk because the doctor for Western Kentucky Correctional Complex had not ordered one. Defendant Stovall then referred Plaintiff to Dr. Hiland for an evaluation. Under the facts, Defendant Stovall was not deliberately indifferent. He referred Plaintiff to the institution's medical provider for a determination of whether a bottom bunk was necessary.

Finally, the Court turns to Defendant Hiland. While Plaintiff might disagree with Dr. Hiland's determination that a bottom bunk was not necessary, he has not shown that Dr. Hiland was deliberately indifferent to his needs. Dr. Hiland examined Plaintiff twice. Based on his examinations, he concluded that Plaintiff did not meet the institution's requirements for a bottom bunk, nor was a bottom bunk a medical necessity in Plaintiff's case. Plaintiff was not denied medical treatment sufficient to establish an Eighth Amendment claim. *See Mulazim v. Corrigan*, 7 F. App'x 427, 430 (6th Cir. 2001) ("The district court properly dismissed Mulazim's second claim that the defendants improperly assigned him a top bunk, despite his age (56 years) and prior knee injury."); *Burley v. Upton*, 257 F. App'x 207, 210 (11th Cir. Ga. 2007) ("Even if Burley did have a 'serious medical need,' he failed to show that officials were anything more than negligent by keeping him in a top bunk for five days."); *Johnson v. Sinkston*, 2005 U.S. Dist. LEXIS 41696 (S.D. Ala. Dec. 15, 2005) (holding that Defendants were not deliberately indifferent in failing to assign the plaintiff to a bottom bunk). Furthermore, the fact that another

doctor previously prescribed Plaintiff a bottom bunk does make an Eighth Amendment claim. *See, e.g., Macklin v. Ameji*, No. No. 97-5605, 1998 U.S. App. LEXIS 20666 (6th Cir. Ky. Aug. 10, 1998) ("Macklin, at most, has demonstrated a disagreement between Dr. Ameji and the physician who originally prescribed the medications. Such a disagreement is insufficient to establish an Eighth Amendment claim."). Additionally, after Plaintiff's fall, Dr. Hiland saw Plaintiff multiple times, had an x-ray taken of Plaintiff's injuries, prescribed him pain medication, and ordered him a lower bunk. While Plaintiff might have desired the pain medication to be continued for a longer period or might have deemed more extensive tests necessary, this is not a case where all treatment was withheld from Plaintiff. Although not as extensive as he would have liked, Plaintiff did receive treatment from Dr. Hiland. Under the facts alleged, Plaintiff has not established a deliberate indifference claim against Dr. Hiland.

## IV.

For the reasons set forth above, Defendants Becky Pancake, Paul Brindley, Jamie Stovall and Steve Hiland's motion for partial summary judgment on Plaintiff's Eighth Amendment claim (DN 111) is **GRANTED.** Defendants Pancake, Brindley, Stovall, and Hiland are hereby **GRANTED PARTIAL SUMMARY JUDGMENT**.

Date:

cc:   Counsel of record
       Plaintiff, *pro se*
4412.008