UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-P188-H

FREDERICK JONES                                                                          PLAINTIFF

V.

BECKY PANCAKE, et al.                                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Defendants, Becky Pancake and Paul Brindley, have filed a motion for summary judgment concerning Plaintiff's remaining claim for retaliation.[1]  Upon review, the Court determines that the motion should be sustained.

I.

Plaintiff claims that Jamie Stovall and Brindley placed Plaintiff in segregation on March 3, 2006, as a form of retaliation against Plaintiff for a lawsuit filed by Plaintiff in the Lyon Circuit Court.  The undisputed facts are these.  On March 3, 2006, Stovall approached Plaintiff in the laundry room of Housing Unit A-1-16 at the Western Kentucky Correctional Complex.  Stovall asked Plaintiff what was in the clothes dryer in the laundry room.  Plaintiff informed Stovall that his shoes were in the dryer.  Stovall then requested that Plaintiff remove his shoes from the dryer.  Plaintiff refused to do so and told Stovall, "so we are going to be an ass today."

Following this incident, Stovall prepared a Disciplinary Report Form and Plaintiff was

---

[1] Previously, the Court had dismissed all other claims, the latest being resolved by a Memorandum Opinion and Order dated February 25, 2009.

placed in segregation pending the outcome of an adjustment committee hearing.  Brindley was

the shift supervisor at that time and signed off on the Detention Order.  The adjustment

committee held a disciplinary adjustment hearing on March 23, 2006.  At that hearing, Plaintiff

admitted to refusing to remove his shoes from the dryer and swearing at Stovall.  He was found

guilty of a Category III, Line 20 violation; specifically, abusive, disrespectful, vulgar, obscene or

threatening language, gestures or actions directed toward or about an employee, visitor, or non-

inmate.  Plaintiff was issued 15 days of disciplinary segregation with credit for time served, in

compliance with Department of Corrections Policy and Procedures.

On January 26, 2006, Plaintiff had filed an action for Declaration of Rights in Lyon

Circuit Court against Becky Pancake, Paul Brindley, Jamie Stovall and Steve Hiland.  The

circuit court dismissed that case on March 27, 2006.

II.

Summary judgment is appropriate where there exists no genuine issues of material facts

and the moving party is entitled to a judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine dispute exists where, "the evidence is

such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Since the parties do not dispute the facts, summary

judgment is appropriate.

III.

Retaliation against an inmate for exercising a protected constitutional right violates the

Constitution.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  The Sixth Circuit has

established a three-part test for inmates that claim they have been retaliated against for the

exercise of a protected constitutional right.  The necessary elements are: (1) the plaintiff engaged

in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a

person of ordinary firmness from continuing to engage in that conduct; and (3) a causal

connection existed between elements (1) and (2) – that, the adverse action must have been

motivated, at least in part, by the plaintiff's protected conduct.  175 F.3d at 394, citing *Bloch v.*

*Ribar*, 156 F.3d 673, 678 (6th Cir. 1998).

Inmates' right of access to the courts is well established.  *See Lewis v. Casey*, 518 U.S.

343 (1996); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977).  This right, however, is subject to

some limitations, as access need only be provided where it concerns direct or collateral attacks

on sentences, habeas corpus applications, and challenges to conditions of confinement.  *Lewis*,

518 U.S. at 355.  The Sixth Circuit has held that for grievances against prison officials to qualify

as protected activity under the *Thaddeus-X* test, the grievance would have to be nonfrivolous.

*Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

A.

Plaintiff's activities would not be constitutionally protected simply because he filed a

lawsuit against Defendants.  On its face, the underlying action could not have possibly resulted

in a judgment in the Plaintiff's favor, because he sought relief which was not available by the

statute.  The Lyon Circuit Court correctly identified that a declaration of rights was improper for

the relief Plaintiff sought and dismissed the action accordingly.  As the suit had no possibility of

success it must be considered frivolous.  Consequently, Plaintiff cannot demonstrate that Lyon

Circuit Court involved a nonfrivolous claim, a prerequisite to the actions achieving the status of

protected conduct.  For this reason along, Plaintiff's retaliation claim must fail and Defendants

3

are entitled to summary judgment in their favor.

B.

The second element of a retaliation action requires that a plaintiff demonstrate that he

was the victim of an adverse act by a defendant resulting in his exercise of protected conduct.

*Thaddeus-X*, 175 F.3d at 394.  "It is well established that government actions, which standing

alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in

substantial part by a desire to punish an individual for exercise of a constitutional right."  *Id.* at

386, *citing Crawford-El v. Britton*, 523 U.S. 574 (1998).  An adverse act is one that would deter

a person of ordinary firmness from continuing to engage in that conduct.  175 F.3d at 394.

Under *Thaddeus-X,* certain threats or deprivations are so *de minimis* that they do not rise

to the level of being constitutional violations, this threshold is intended to weed out only

inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed

to proceed past summary judgment. *Id.* at 398.  However, placing a prisoner in administrative

segregation is considered an adverse action for retaliation claims purposes.  *Herron*, 203 F.3d at

416.

C.

The third element of an inmate retaliation claim is the establishment of a "causal

connection" between the exercise of a protected activity and an adverse action. *Thaddeus-X*, 175

F.3d at 394.  The causal connection analysis in retaliation claims involves a shifting burden of

proof.  It is first necessary that a plaintiff meet a "burden of establishing that his protected

conduct was a motivating factor behind any harm."  *Id.* at 399.  If a plaintiff meets his burden,

defendants are required to show that they "would have taken the same action in the absence of

4

the protected activity." If defendants can make this showing, summary judgment in their favor is appropriate. *Id.*

Plaintiff has not met his "burden of establishing that his protected conduct was a motivating factor" behind any action taken by Defendants. *Thaddeus-X*, 175 F.3d at 399. He has not demonstrated that Brindley or Stovall had any knowledge of his litigation activities or that they did anything more than respond to Plaintiff's behavior and comments to Stovall. Plaintiff filed his underlying suit in the Lyon Circuit Court on January 26, 2006. However, at the time Plaintiff was placed in segregation on March 3, 2006, Plaintiff had failed to pay the requisite filing fee for the Lyon Circuit Court case. As such, it was not clear if his case would even proceed. It is unreasonable to infer that Stovall and Brindley would retaliate against Plaintiff over a lawsuit that might not even proceed as Plaintiff had not paid his filing fees. "Conclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state . . . a claim under § 1983." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005).

Finally, Defendants had legitimate, well founded reasons for their decision to impose the penalties for the proven violations. Further, based upon the facts before them, Defendants "would have taken the same action in the absence of the protected activity." *Thaddeus-X*, 175 F.3d at 399. Plaintiff has repeatedly admitted that he did not follow Stovall's orders and used profanity when he addressed Stovall. Stovall's decision to place Plaintiff in segregation was based upon the need to maintain security and safety for inmates and staff at the prison.

Plaintiff has not met his "burden of establishing that his protected conduct was a motivating factor" behind his placement in segregation. *Thaddeus-X*, 175 F.3d at 399. His removal was not instigated to prevent him from participating in protected conduct or litigation

5

against Defendants.  Under these circumstances, summary judgment in Defendants' favor is appropriate.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is SUSTAINED and the remaining claims are DISMISSED WITH PREJUDICE.

This is a final order.

cc:     Frederick D. Jones, *Pro Se*
        Counsel of Record